[No. 12223. Department Two. August 31, 1915.]

TACOMA AUTO LIVERY COMPANY, *Respondent*, v. UNION MOTOR CAR COMPANY, *Appellant*.[1]

BAILMENT—LIABILITY FOR THEFT — DUTY OF BAILEE — DILIGENCE. Where an automobile was stolen from a bailee, a garage company receiving it for washing, early on Monday morning, and its trail picked up about 9:30 the same morning, the bailee did not fulfill its duty to use reasonable diligence to recover the car, where it delayed for two days in starting a pursuit which the evidence showed would have been successful had it been diligently started.

DAMAGES—EXCESSIVE DAMAGES—LOSS OF PERSONAL PROPERTY. In trover for the conversion of an automobile that had cost $2,443 and had been run only a short time, a verdict for $2,400 is not excessive.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered February 7, 1914, upon findings in favor of the plaintiff, in an action for conversion, tried to the court. Affirmed.

*Davis & Neal*, for appellant.

*Bates, Peer & Peterson*, for respondent.

PER CURIAM.—Action by the Tacoma Auto Livery Company against the Union Motor Car Company, for the conversion of an automobile. The material facts, which are not in dispute, are as follows:

The Motor Company conducted a garage in the city of Tacoma, where it carried on a general auto business, including the repairing and care and custody of cars for its patrons. The Livery Company was accustomed to sending

[1]Reported in 151 Pac. 243.

its cars to the garage to be washed, and on Sunday night, May 11, 1913, at about one o'clock, one of its drivers took the car in question to the garage for that purpose. The driver delivered the car to one Stowell, night man at the garage, saying that he would return about four a. m. to get it. Upon his return, the garage was found locked with no one on duty, and when the day shift came to work, it was discovered that Stowell had disappeared with the car. The car was never recovered, and upon appellant's refusal to pay for it, this action was begun to recover $2,500, alleged to be the value of the car. From a judgment for $2,400 for the Livery Company, the Motor Company has appealed.

The undisputed evidence shows that, about 9:30 on Monday morning following the theft, Mr. Jacobs, the manager of respondent, heard that a car answering the description of the stolen car had been seen early that morning near Lacey, proceeding towards Olympia. Jacobs immediately communicated this information to appellant's manager, Mr. Garfield, who suggested that appellant send a car in pursuit and that Mr. Jacobs accompany appellant's man. Jacobs assented to this plan. .

The proposed pursuit was not begun, however, until Wednesday morning, two days after the car had been stolen. Appellant contends that the delay was due to the lack of a suitable machine in which to make the trip and lack of a man to send along, while respondent asserts that it was due to Garfield's unwillingness to proceed until the expense account for the trip was approved by the proper official. There is no showing that the delay resulted from any acts of the respondent.

Mr. Jacobs and a Mr. McCord, who was sent by appellant, then proceeded in pursuit of the stolen machine, picking up information that it had passed different towns along the route south of Olympia. They followed these clues until their arrival in Portland on Thursday, where they learned that the car had been left in the Oregon-Washington freight

sheds from 7 p. m. on Tuesday until 1 p. m. on Wednesday, having been shipped to Portland from Ladue, Washington. Some one, evidently Stowell, had called for and removed the car at that time.    From here all trace of it was lost and it has not since been recovered.

These facts seem to sustain the finding of the trial court that the respondent failed to exercise reasonable diligence in the recovery and restoration of the automobile.    When it was delivered to the garage company, its duty to exercise reasonable care in keeping and returning the machine to the owners immediately attached and, in case of theft of the machine, would include reasonable diligence on the part of the garage company, from whom it was stolen, to recover it. This degree of diligence it seems to us was not exercised. Respondent's manager recognized that pursuit of the stolen car would be the best means of recovering its possession, and it was his suggestion that the trail be followed.    A delay of two days in making the start does not seem to us to be consistent with the exercise of reasonable diligence.

Appellant objects to the amount of the judgment, claiming that the trial court allowed a recovery for more than the value of the car when new.    It was shown that the car had been run for only a short time, and that at the catalogue price with freight and accessories had cost $2,443.    The judgment was for $2,400.    This does not appear to us to be excessive.    The judgment is affirmed.